

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TYISHA CHAMBERS, ET AL.        *
                               *
v.                             *    Civil No. – JFM-17-831
                               *
DELMARVA POWER & LIGHT CO.     *
                          ******

MEMORANDUM

This case arises from a horrific accident. Rodney Todd and seven of his children died on the evening of March 28, 2015, when Mr. Todd was operating a gas generator in the kitchen of the Princess Anne home that he was renting. The suit is brought by Tyisha Chambers, mother of the seven children, and Bonnie Edwards, mother of Mr. Todd, against Delmarva Power & Light Company ("DPL") which had removed the meter from the home and terminated electrical service to the home on March 25, 2015.

Defendant has filed a motion to dismiss. The motion will be granted.

I.

The complaint alleges that on the evening of March 28, 2015, Mr. Todd operated a gas generator in the kitchen of the Princess Anne home he was renting. Carbon monoxide emitted from the generator, and it was this carbon monoxide that caused the death of Mr. Todd and his children. The Owner's manual states: "DANGER CARBON MONOXIDE: Using a generator indoors CAN KILL YOU IN MINUTES." The manual further states: "DO NOT operate the generator inside any building, including garages, basements, crawlspaces and sheds, enclosure or compartment, including the generator compartment of a recreational vehicle." Further, the manual states "operate generator outdoors only in a well ventilated area."

The Public Service Commission reviewed the accident and noted that no active account existed at the Todd's home. Power was supplied to the home only because a stolen meter had been installed there by someone other than DPL. The complaint does not allege that anyone held a valid account with DPL at the time of Mr. Todd's residence or that Mr. Todd ever requested a plea for service at the address.

DPL is a regulated utility that provides electricity to certain regions of Maryland eastern shore, including Princess Anne. On March 25, 2015, DPL located a stolen meter at the home and removed it, which disconnected electricity to the property. DPL took this action in accordance with the applicable regulations. *See* COMAR 20.31.02.03 (A) (2015).

II.

"To establish a cause of action and negligence plaintiff must prove the existence of four elements: a duty owed to him (or to a class of which he is a part), the breach of that duty, a legally cognizable causal relationship between the breach of the duty and the harm suffered and damages." *Jacques v. First Nat'l Bank*, 515 A.2d 756, 758 (Md. 1986).

Here, DPL owed no duty to Mr. Todd and his children. There was no contractual arrangement that established such a duty. Moreover, the meter at the home where the Todds were living had been stolen, and DPL acted entirely within its rights to remove the meter, thereby terminating the service of power to the home. In their opposition memoranda plaintiffs state a general theory of negligence on the part of DPL but DPL's rights and duties are established by the regulatory provisions to which they were subject.

Plaintiff's claim also fails because of the lack of a cognizable causal relationship between the breach of duty and the harm suffered. There was no reason for DPL to foresee that as result of its discontinuation of the service of power, Mr. Todd would purchase a gas generator that

emitted carbon monoxide in the home. Furthermore, Mr. Todd's use of the gas generator was improper and contrary to explicit warnings and instructions. His use of the gas generator constituted contributory negligence.

A separate order of dismissal is being entered herewith.

Date: September 6, 2011

J. Frederick Motz
United States District Judge